UNITED STATES of America,
Plaintiff—Appellee,

v.

Jeffrey Charles HOAGLAND,
Defendant—Appellant.

No. 04–10185.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 2005.

Decided Aug. 12, 2005.

Sean Chapman, Esq., Tucson, AZ, for Plaintiff—Appellee.

David Edward Lipartito, Tucson, AZ, for Defendant—Appellant.

Before: SILVERMAN, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM *

Jeffrey Charles Hoagland appeals his conviction and sentence for one count of bank robbery under 18 U.S.C. § 2113(a)

* This disposition is not appropriate for publication and may not be cited to or by the courts

("Count One") and one count of use of a deadly weapon or destructive device during a crime of violence under 18 U.S.C. § 924(c)(1)(A), (B), and (D) ("Count Two"). We have jurisdiction under 28 U.S.C. § 1291. We affirm Hoagland's conviction and sentence for Count Two, but issue a "limited remand" on Count One pursuant to *United States v. Ameline,* 409 F.3d 1073, 1079 (9th Cir.2005) (en banc).

**A. Sufficiency of the Evidence**

We reject Hoagland's contention that there was insufficient evidence for the jury to find that he used a "destructive device" as defined in 18 U.S.C. § 921(a)(4). Viewing the evidence in the light most favorable to the prosecution, as we must, we conclude that there was sufficient evidence for a rational trier of fact to find that Hoagland had an operable grenade. *See United States v. Carranza,* 289 F.3d 634, 641–42 (9th Cir.2002). The bank teller identified the object Hoagland used to threaten her as a "hand grenade" and provided a description of it. The jury was entitled to find her testimony credible and draw the inference that the grenade was "designed ... for use as a weapon" because Hoagland used it as a weapon.

**B. Jury Instruction**

We review for plain error Hoagland's argument that the district court should have instructed the jury "that a 'destructive device' did not include anything which is not designed or redesigned as a weapon" because it was raised for the first time on appeal. *Jones v. United States,* 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). The district court correctly instructed the jury on the elements of 18 U.S.C. § 924(c). He further instructed the jury that it must find that

of this circuit except as provided by Ninth Circuit Rule 36–3.

the defendant used the destructive device alleged in the indictment. Because Hoagland failed to introduce evidence that the grenade was not designed or redesigned as a weapon, the failure to include such an instruction was not an abuse of discretion. Even if we were to find error, it was not "plain." *Jones,* 527 U.S. at 389, 119 S.Ct. 2090.

## C. Stolen Car Testimony

■ Although a government witness testified that the vehicle in which Hoagland was arrested was stolen, in violation of a pretrial order precluding such testimony, the district court immediately struck the testimony and gave a curative instruction. Under the circumstances, it was not error for the district court to deny Hoagland's motion for a mistrial. *See United States v. Arias–Villanueva,* 998 F.2d 1491, 1502 (9th Cir.1993).

## D. Sentencing

■ Hoagland's argument that his forty-five month sentence for Count One and his thirty year sentence for Count Two violate the Eighth Amendment's prohibition against cruel and unusual punishment is without merit. Hoagland's sentences do not raise an "inference of gross disproportionality," thus there is "no need to perform any comparative analysis with respect to other sentences." *Ramirez v. Castro,* 365 F.3d 755, 765 (9th Cir.2004). *See also Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (finding no inference of gross disproportionality raised by a sentence of life imprisonment without the possibility of parole for a first time drug offender).

Hoagland also challenges his sentences for both Count One and Count Two as error under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court imposed his sentences under mandatory guidelines. His challenge to the 30 year statutory minimum sentence for Count Two lacks merit. Even under an advisory guidelines scheme, the district court was required to impose the statutory minimum sentence on that count.

■ However, the district court applied the mandatory guidelines in determining the sentence to be imposed for Count One. Even though the district court made no factual findings, and thus there is no constitutional error, a limited remand on Count One pursuant to *United States v. Ameline,* 409 F.3d 1073, 1079 (9th Cir. 2005), is appropriate. *See United States v. Moreno–Hernandez,* 2005 WL 1560269 at *9 (9th Cir. July 5, 2005) ("[A] limited remand is proper in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional.").

We cannot determine from the record whether the district court would have imposed a materially different sentence if it had known that the Guidelines were advisory, as the Supreme Court held in *United States v. Booker,* 125 S.Ct. at 764–65. Therefore, under *Ameline,* we remand for the limited purpose of making that determination. *See Ameline,* 409 F.3d at 1084. In fulfilling this mandate, the district court may hold such hearings and enter such orders as it determines to be necessary, including, without limitation, modifying or vacating its previous sentence.

**AFFIRMED AND REMANDED.**